Manny Starr (319778)
manny@frontierlawcenter.com
Frontier Law Center
23901 Calabasas Road, #2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Robert L. Starr (183052)
robert@starrlaw.com
Adam M. Rose (210880)
adam@starrlaw.com
Theodore R. Tang, Esq. (313294)
theodore@starrlaw.com
THE LAW OFFICE OF ROBERT L. STARR, APC
23901 Calabasas Road, STE #2072
Calabasas, CA 91302
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

Attorneys for Plaintiff
Keisha Corona

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEISHA CORONA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Fraud by Omission<br>2. Violation of Bus. & Prof. Code § 17200<br>3. Violation of California's Consumer Legal Remedies Act<br>4. Violation of California's False Advertising Law<br>5. Unjust Enrichment |

Plaintiff Keisha Corona ("Plaintiff") hereby brings this class action on behalf of herself and all others similarly situated against Defendants Mercedes-Benz USA, LLC, ("MBUSA"). The action is based on personal knowledge as to matters relating to Plaintiff and her own actions, and on information and belief based on the investigation of counsel, including counsel's review of consumer complaints available on the database of the National Highway Transportation Safety Administration ("NHTSA") and other publicly available information.

## INTRODUCTORY ALLEGATIONS

1) On or around February 2021, MBUSA submitted a safety recall report (the "Recall") to NHTSA, voluntarily recalling four (4) MBUSA vehicles manufactured between August 7, 2018, and August 9, 2018, which contained defective transmission control units ("TCU").

2) The recalled vehicles involve model year 2019 Mercedes-Benz GLA250 vehicles. The chronology set forth in the Recall stated, "MBAG (MBAG is Mercedes Benz AG, the manufacturer of the Class Vehicles) was made aware of a potential deviation in production at the transmission control unit supplier in July 2018. The supplier informed MBAG it had found that certain control units failed end-of-line testing. An investigation into the results began and found that a specific electrical component inside the control unit "may not have been glued into place per the specification." Notwithstanding MBUSA's awareness of the defect, MBUSA did not warn consumers of the defect. Furthermore, because MBAG contends that it was not aware of any reports of failure from the field, neither MBAG nor MBUSA commenced a recall. When a recall was ultimately commenced, the recall was very limited in nature, as explained herein.

3) Plaintiff is informed and believes, and based on such information and belief alleges, that as a result of MBUSA's prerelease testing; repair data; replacement part sales data; consumer complaints; and other internal information, MBUSA knew of the Class Defect, and further knew that the scope of the Class Defect extended well

beyond the limited number of vehicles recalled. Indeed, under the TREAD Act, 49 U.S.C. § 30118, MBUSA has a legal duty to monitor complaints from consumers that are posted on the National Highway Transportation Administration's ("NHTSA") website.

4)  Despite such knowledge, MBUSA failed to disclose and actively concealed the Class Defect from Class Members and the public and, in fact, marketed Class Vehicles as being safe, reliable, and of excellent quality.

5)  The Class Defect exposes vehicle occupants and others to extreme danger, bodily injury, or even death. A vehicle that stalls or suddenly shifts into neutral is at heightened risk for collision. A vehicle that unexpectedly shifts into neutral causes drivers to react with panic—which can cause an accident. If the driver is somehow lucky enough to be able to safely pull over to the side of the road, the driver still faces heightened risks of danger from other vehicles. Additionally, when a vehicle suddenly shifts into neutral, it startles other drivers in close proximity due to an unanticipated drop in the nearby vehicle's acceleration.

6)  As a result of the Defect, owners and lessees of Class Vehicles are unknowingly driving on roads and highways in potentially ticking time bombs while MBUSA knowingly exposes its customers to the risk of grave physical harm and even death.

7)  Thus, the Class Defect has decreased the intrinsic and resale value of Class Vehicles, and Plaintiff and other class members have been damaged as a result. Furthermore, MBUSA distributed the Class Vehicles knowing that the Defect exists, and wrongfully concealed the Defect.

8)  At all times relevant, MBUSA's marketing of Class Vehicles was replete with assurances about their safety and dependability. A vehicle that can suddenly shift into neutral and lose power during normal operating conditions is inherently unsafe and renders MBUSA's marketing of the Class Vehicles untrue and materially misleading. Plaintiff and other Class Members have been damaged as a result.

9)   Finally, Plaintiff and the Class Members have incurred, and will continue to incur out of pocket costs relating to the diagnosis and repair of the Defect.

10)  Plaintiff, on behalf of herself and all others similarly situated, seeks redress for MBUSA's egregious misconduct based on the causes of action set forth below. Plaintiff seeks compensatory damages; restitution; and punitive damages.

## PARTIES

11)  Plaintiff Keisha Corona is a California resident and was at all times relevant residing therein. Plaintiff is the owner of a Class Vehicle, specifically, a 2019 Mercedes-Benz GLA250, VIN # WDCTG4EB1KU003764.

12)  The Class consists of all current and former owners or lessees of any 2019 Mercedes-Benz GLA250 vehicle which was purchased or leased in the State of California.

13)  Defendant Mercedes-Benz USA, LLC is a Delaware limited liability company with its principal place of business located in Sandy Springs, Georgia.

14)  All acts and omissions of MBUSA's employees, agents, associates, partners, parents, or subsidiaries as alleged herein occurred while they were acting within the course and scope of their duties and MBUSA is therefore responsible to Plaintiff under the doctrine of Respondeat Superior and/or other doctrines.

15)  Plaintiff is unaware of the true names or capacities of the Defendants sued herein as DOES 1 through 10, ("Doe Defendants"), and therefore sues said Doe Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to insert the true names and capacities of such Doe Defendants when such information has been obtained. Plaintiff is informed and believes, and based on such information and belief alleges, that each of the fictitiously named Doe Defendants participated in some way in the wrongful acts and omissions alleged herein.

## JURISDICTION AND VENUE

16)  This is a civil action in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

17)  Subject matter jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because Plaintiff and at least one Defendant are citizens of different states and satisfy the diversity requirement, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

18)  The number of members of all putative classes alleged herein exceeds 100 in number within the meaning of 28 U.S.C. § 1332(d)(5)(B).

19)  The primary defendants are not States, State officials, or other governmental entities within the meaning of 28 U.S.C. § 1332(d)(5)(A).

20)  Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the acts or omissions giving rise to this claim occurred in the Central District of California.

21)  This Court has supplemental jurisdiction over Plaintiff's state law claims arising under statutory or common law pursuant to 28 U.S.C. § 1367 because the claims arise from a common nucleus of operative facts such that adjudication of both state and federal claims furthers the interests of judicial economy.

## FACTUAL ALLEGATIONS

22)  MBUSA is one of the world's largest and most well-known manufacturers of luxury automobiles.

23)  Relevant here is that a significant number of 2019 Mercedes-Benz GLA250 vehicles were all equipped with a defective transmission control unit (the "Class Defect").

24)  By MBUSA's own admission, the Class Defect causes catastrophic failure whereby the power supply for the TCU might be interrupted while driving which, without "advance warning," will cause "the transmission [to] shift into neutral and the vehicle w[ill] coast to a stop…[and]…the risk of a crash might be increased."

25)  When a vehicle unexpectedly shifts into neutral, the vehicle and its occupants are suddenly confronted with a significantly greater risk of being involved in a collision. When a vehicle suffers from decreased acceleration, it can interfere with

the driver's (and surrounding motorists') anticipated pace of movement—thereby startling drivers and creating unexpected hazards. Once the TCU fails, the vehicle becomes impossible to operate without a significantly increased risk of an accident.

26)   Based upon the Recall Report authored by MBUSA, MBUSA has been aware of the Class Defect since July of 2018. Plaintiff is informed and believes, and based on such information and belief alleges, that the defect at issue is the Class Defect.

27)   Plaintiff's vehicle was first placed into the stream of commerce and distributed to a consumer on December 9, 2018—which was after MBUSA was already aware of the Class Defect.

28)   On or around February 2021, MBUSA submitted a safety recall report to NHTSA wherein it voluntarily recalled four (4) Class Vehicles manufactured between August 7, 2018, and August 9, 2018, which contained defective transmission control units ("TCU").

29)   In the Recall Report, MBUSA identified a dangerous defect in the TCU whereby the power supply for the TCU might be interrupted while driving which, without "advance warning," will cause "the transmission [to] shift into neutral and the vehicle w[ill] coast to a stop…[and]…the risk of a crash might be increased."

30)   An investigation purportedly discovered that the Class Defect resulted from a "specific electrical component inside the [TCU which] may not have been glued into place per the specification."

31)   After the issuance of the initial Recall, MBUSA, between July 14, 2021, and January 11, 2022, issued a staggered series of recall notices to an additional twelve (12) Class Vehicles at a rate of roughly two (2) notices per month

32)   Despite only recalling less than twenty five (25) Class Vehicles, MBUSA was aware that the Class Defect was not limited to Class Vehicles produced between August 7-9, 2018, but actually extended to all Class Vehicles.

33)   Indeed, in Plaintiff's case, she never received notice of the Recall, yet, on December 13, 2021, Plaintiff brought her 2019 Mercedes GLA250 to an authorized

MBUSA repair facility because as she "was driving on the highway going 60-70 mph [the] vehicle went into neutral[.]"

34)  Although MBUSA only issued a recall for less than 25 vehicles, it also explicitly acknowledges that it "cannot be ruled out" that presence of the Class Defect is more pervasive than initially may appear due to "a deterioration of the glued connection over time[.]" In other words, MBUSA acknowledges that a deterioration of the glue used to connect specific electrical components in the TCU might have affected all of the Class Vehicles.

35)  MBUSA's own Recall Report acknowledges that although it believes the defect is limited to "a certain batch of transmission control units," MBUSA also acknowledged that "deterioration of the glued [TCU] connection over time cannot be ruled out." That is to say, MBUSA itself acknowledges that the Class Defect might be ubiquitous instead of merely limited to "a certain batch of transmission control units."

36)  Even though MBUSA knew the Class Defect was more widespread than it originally disclosed, and could result in collision and serious injury, MBUSA's business practice was to bury the Class Defect from full public disclosure.

37)  Plaintiff is informed and believes, and based on such information and belief alleges, that the Class Vehicles are defective such that Class Members have been and are continuing to be exposed to the risk of possible injury or death, and have incurred out of pocket costs in the diagnosis and repair of said defect.

38)  MBUSA's actions in failing to disclose the existence of the Class Defect are deceitful, unlawful, and unnecessarily exposes Plaintiff and the Class to injury. Plaintiff and those similarly situated unwittingly continued driving a car which, by MBUSA's own admission, contained a defect which could result in death or serious injury.

39)  At no point did MBUSA inform Plaintiff or those similarly situated of the severity of the Class Defect, nor did MBUSA ever recommend that they stop using

Class Vehicles until a repair was performed.

40)   Plaintiff and those similarly situated did not receive the benefit of their bargain because they purchased or leased a vehicle of a lesser standard, grade, and quality than represented, and did not receive a vehicle that met ordinary and reasonable consumer expectations regarding safe and reliable operation.

41)   MBUSA marketed Class Vehicles as safe, dependable, and of high quality, but failed to disclose the existence of the Class Defect at the time of sale despite its prior knowledge of this defect.

42)   Simply put, a vehicle that can suddenly stall and shift into neutral under normal operating conditions is neither safe nor dependable. Accordingly, MBUSA's marketing of the Class Vehicle was untrue and materially misleading.

43)   Although MBUSA knew about the Class Defect and its associated dangers, MBUSA manufactured, marketed, sold, leased, and warranted Class Vehicles without disclosing that these vehicles were defective, dangerous, and posed a grave risk for bodily harm or death. MBUSA did not disclose, and to this day has not fully disclosed what it knows about, and when it first discovered, the Class Defect.

44)   In light of the widespread nature of the Class Defect, such marketing was false given that the Safety Recall explicitly admits that due to the Class Defect "the risk of a crash might be increased."

45)   MBUSA marketed the Class Vehicles as safe and dependable but failed to disclose the existence and impact of the Class Defect or that Class Vehicles were not safe or dependable. Specifically, MBUSA:

(a)   Failed to disclose, at and after the time of purchase, lease, and/or service, any and all known material defects of the Class Vehicles, including the Class Defect, despite its knowledge of the performance issues

(b)   Failed to disclose, at and after the time of purchase, lease, and/or service, that Class Vehicles' transmission control modules were defective and not fit for their ordinary purpose; and

(c)  Failed to disclose and actively concealed the existence and pervasiveness of the Class Defect despite MBUSA's knowledge of the Class Defect.

46)  MBUSA's deceptive marketing and willful and knowing failure to disclose the Class Defect damaged, and continues to damage, Plaintiff and those similarly situated. Had Plaintiff and others known that Class Vehicles were not safe and reliable, they would not have purchased or leased the Class Vehicles, or certainly would have paid less to do so.

47)  At the time the Class Vehicles were delivered to Plaintiff and those similarly situated, they were not in a merchantable condition, were not safe, did not conform to the quality and safety guidelines reasonably expected of a motor vehicle, and were worth significantly less than the amount the Plaintiff and those similarly situated paid for the Class Vehicles. Plaintiff and those similarly situation have suffered damage as a result of MBUSA's wrongful conduct. This is an action to obtain a classwide remedy for MBUSA's wrongful conduct.

## CLASS ACTION ALLEGATIONS

48)  Plaintiff brings this lawsuit as a class action on behalf of herself and all other Class Members similarly situated pursuant to Federal Rules of Civil Procedure, Rule 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

49)  The class is defined as:

  a.  <u>Class</u>: All Persons in the State of California who purchased or leased model year 2019 Mercedes-Benz GLA250 ("Class Vehicles"). Excluded from the Class are: (1) Defendants, any entity or division in which Defendants has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

50)  Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

51)  Plaintiff reserves the right to establish subclasses.

52)  There is a well-defined community of interest, and the class is readily ascertainable:

(a)  <u>Numerosity</u>: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable from information and records in Defendants' possession, custody, or control, as well as from records kept by the Department of Motor Vehicles.

(b)  <u>Typicality</u>: The claims of the representative Corona are typical of the claims of the Class in that the representative Corona, like all Class Members, purchased and/or leased a Class Vehicle designed, manufactured, and distributed by MBUSA. The representative Corona, like all Class Members, has been damaged by Defendants' misconduct in that she has incurred the cost of repairs relating to the Class Defect, as well as a diminution of value. Furthermore, the factual bases of MBUSA's misconduct are common to all Class Members and represent a common thread of fraudulent, deliberate, and negligent misconduct resulting in injury to all Class Members.

(c)  <u>Commonality</u>: There are numerous questions of law and fact common to Plaintiff and the Class that predominate over any question affecting only individual Class Members. These common legal and factual issues include the following:

  i. Whether the Class Vehicles suffer from the Class Defect;

  ii. Whether the Class Defect constitutes an unreasonable safety risk;

  iii. Whether the Class Vehicles are merchantable or fit for their intended purpose;

iv.   Whether the Class Vehicles are in safe condition and substantially free of defects;

v.   Whether a reasonable consumer would consider the Class Defect or its consequences to be material;

vi.   Whether MBUSA's conduct violates the Song-Beverly Act and the California Unfair Competition Law;

vii.   Whether Defendants should be declared financially responsible for notifying all Class Members of the problems with the Class Vehicles and for the costs and expenses of repair and replacement of the Class Vehicles;

viii.   Whether Class Members have suffered loss as a result of the Class Defect, and to what extent MBUSA is obligated to compensate the Class Members for any and all losses;

ix.   Whether MBUSA's failure to notify the Class Members about the nature and extent of the Class Defect was a fraudulent omission; and

x.   Whether MBUSA falsely advertised Class Vehicles as being safe, reliable, and of excellent quality.

(d) <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each Class Member. Plaintiff acknowledges she has an obligation to make known any relationship, conflicts, or differences with any Class Member. Plaintiff's attorneys are well-versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred and will continue to incur costs and attorneys' fees to prosecute the action for the benefit of each Class Member.

(e) <u>Predominance and Superiority</u>: Corona and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high

and would therefore have no effective remedy at law. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct. Absent a class action, Class Members will continue to incur damages, and Defendants' misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

## **FIRST CAUSE OF ACTION**

## **FRAUD BY OMISSION**

## **(Against MBUSA and Doe Defendants)**

53) Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

54) MBUSA knowingly made material omissions of fact when it failed to disclose the Class Defect to Plaintiff and the Class.

55) MBUSA knew that by failing to disclose this information, that such omissions rendered their other representations false.

56) Plaintiff and the Class justifiably relied on MBUSA to provide accurate and complete information regarding any known defects in the Class Vehicle. Consequently, Plaintiff and the Class are now stuck holding the bag as a result of MBUSA's failure to disclose that Class Vehicles not only suffer from a defect which could cause serious injury or death, but that Class Vehicles are worth significantly less than what Plaintiff and the Class paid for it.

57) MBUSA's failure to disclose the Class Defect was materially false and misleading.

58) Said conduct is likely to deceive an ordinary consumer because MBUSA concealed the Class Defect from consumers for at least two years after its initial

discovery.

59)  MBUSA is and was under a duty to not mislead and deceive their consumers because MBUSA is and was in a superior position to know the true state of facts.

60)  The facts concealed and not disclosed by MBUSA are material. Had Plaintiff and the Class known the true facts, they would not have been damaged to the same extent and would have been able to avoid much of the damages they now seek to recoup through this lawsuit.

61)  As a direct and proximate result of MBUSA's unlawful conduct, Plaintiff and the Class have suffered damages in an amount no less than the jurisdictional minimum.

62)  Plaintiff and the Class further seek rescission, incidental and consequential damages, and attorney's fees and costs in an amount to be proven at the time of trial.

63)  Because the conduct of MBUSA in misrepresenting the true condition of the Class Vehicle was motivated by fraud, oppression, or malice, Plaintiff and the Class are entitled to an award of punitive damages in an amount which will deter MBUSA and others from engaging in the fraudulent conduct alleged herein.

## SECOND CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

### (Against MBUSA and Doe Defendants)

64)  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

65)  California Business and Professions Code § 17200 prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice" and "unfair, deceptive, untrue, or misleading advertising."

66)  As alleged herein, MBUSA has engaged in unlawful, fraudulent, and unfair business practices.

67)  Plaintiff, the Class, and MBUSA are all considered "persons" as that term is

-13-

defined in Business and Professions Code § 17201.

68)  MBUSA violated the UCL by knowingly and intentionally concealing the Class Defect from Plaintiff and others, and marketing the Class Vehicle safe and reliable despite knowing of the Class Defect's existence.

69)  MBUSA's unlawful, fraudulent, and unfair business acts and practices alleged herein caused Plaintiff and the Class to purchase or lease Class Vehicles under false pretenses. Had Plaintiff and the Class known the truth, they would not have purchase or leased Class Vehicles, or would not have paid as much to do so.

70)  As a direct and proximate result of MBUSA's acts and practices in violation of the UCL, Plaintiff and the Class have suffered injury in fact and lost money or property as set forth above and will continue to do so.

### Unfair Prong

71)  An act or act or practice is "unfair" if the consumer injury is substantial; is not outweighed by any countervailing benefits to consumers or to competition; and is not an injury the consumers themselves could reasonably have avoided. An act or practice also is unfair if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. An act or practice also is unfair if Plaintiff's claims are "tethered" to specific constitutional, statutory or regulatory provisions.

72)  MBUSA's actions constitute an "unfair" business practice because MBUSA negligently and knowingly represented to the public, including Plaintiff and the Class, that Class Vehicles were safe, reliable, and fit for their intended purpose despite knowing that these vehicles contained the Class Defect.

73)  MBUSA's business practices are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are led to believe that Class Vehicles were safe, reliable, and fit for their intended purpose.

74)  Additionally, conduct is "unfair" because it is tethered to a legislatively

-14-

1  declared policy of preventing false advertising. (See, Business and Professions Code
2  § 17500).

3     75)  All of the acts and practices of MBUSA as described in this complaint
4  constitute "unfair" business acts and practices. A business act or practice is "unfair"
5  under the UCL if the reasons, justifications, and motives of the alleged wrongdoer
6  are outweighed by the gravity of the harm to the alleged victims. Plaintiff and the
7  Class have suffered injury in fact and a loss of money or property as a result of
8  MBUSA's unfair business acts and practices as set forth herein.

9     76)  As a direct and proximate result of MBUSA's acts and practices in violation of
10 the UCL, Plaintiff and the Class have suffered damages.

11    77)  MBUSA's conduct does not benefit consumers or competition. Plaintiff and
12 the Class could have not reasonably avoided the injury suffered or the injury that will
13 be suffered. MBUSA's conduct only benefits MBUSA itself.

14    78)  The gravity of the consequences of MBUSA's conduct as described above
15 outweighs the justification, motive, or reason therefor, is immoral, unethical, and
16 unscrupulous, and offends established public policy that is tethered to legislatively
17 declared policies as set forth in the laws detailed above, or is substantially injurious
18 to the public, for the reasons set forth above.

19    79)  MBUSA could have and should have furthered its legitimate business interests
20 by publicly disclosing that its Class Vehicles contained the dangerous Class Defect.

21    80)  MBUSA could have and should have furthered its legitimate business interests
22 by abstaining from aggressively advertising Class Vehicles as safe and reliable.

23    81)  To the extent that any definition of "unfair" requires a balancing test or
24 weighing various factors, such an inquiry is fact intensive and requires a full factual
25 record as to MBUSA's justification and motives for its conduct, and as to the impact
26 of MBUSA's conduct on Plaintiff and the Class.

27    82)  MBUSA's acts of unfair competition as set forth above present a continuing
28 threat and will persist and continue to do so unless and until this Court issues

1  appropriate injunctive relief. Plaintiff and the Class also seek attorneys' fees and

2  costs.

3                                **Deceptive Prong**

4  83)  MBUSA has engaged in a systematic business practice of selling vehicles with

5  a known safety defect while wrongfully and actively concealing the existence of the

6  defect.

7  84)  Said conduct is likely to deceive an ordinary consumer because MBUSA

8  concealed from consumers the existence and wide prevalence of the Class Defect.

9  85)  MBUSA is and was under a duty to not mislead and deceive their consumers

10  because MBUSA is and was in a superior position to know the true state of facts.

11  86)  The facts concealed and not disclosed by MBUSA are material. Had Plaintiff

12  and the Class known the true facts and had MBUSA been truthful, Plaintiff and the

13  Class would not have been damaged to the same extent and would have been able to

14  avoid much of the damages they now seek to recoup through this lawsuit.

15                                **Unlawful Prong**

16  87)  A business practice is "unlawful" under the UCL if it is forbidden by law or

17  regulations, including the standard of professional conduct.

18  88)  The violation of any law or regulation may serve as the predicate for a

19  violation of the "unlawful" prong of the UCL.

20  89)  Pursuant to California Vehicle Code § 11713, it is unlawful for any

21  automobile dealer licensed by the state of California to disseminate any statement

22  which is untrue or misleading and which is known, or which by the exercise of

23  reasonable care should be known, to be untrue or misleading.

24  90)  MBUSA made number untruthful and misleading statements and omissions to

25  as alleged herein.

26  91)  MBUSA actively concealed the true condition, value, and characteristics of the

27  Class Vehicle as alleged herein.

28  92)  MBUSA's misleading information and concealment as alleged herein was an

unlawful business practice, and was specifically designed to induce Plaintiff and the Class into leasing or purchasing Class Vehicles under false pretenses.

93)  The facts concealed are, by their very nature, material facts that a reasonable person would have considered when deciding whether or not to purchase or lease Class Vehicles. Had Plaintiff and the Class known the true facts and circumstances, they would not have purchased or leased the Class Vehicle or would not have paid as much to do so.

94)  MBUSA has, by its concealment and false statements, engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

95)  MBUSA's acts of unlawful competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief. Plaintiff and the Class also seek attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
### (Against MBUSA and Doe Defendants)

96)  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

97)  Plaintiff brings this cause of action as the party-in-interest.

98)  MBUSA is a "person" as defined by California Civil Code § 1761(c).

99)  Plaintiff and the Class are "consumers" within the meaning of California Civil Code § 1761(d).

100) At the time that MBUSA sold or leased the Class Vehicles to Plaintiff and the Class, MBUSA had actual knowledge that the Class Vehicle was not being sold as represented by MBUSA. MBUSA had actual knowledge that it was misrepresenting the true condition and value of the Class Vehicle to Plaintiff and the Class.

101) As a result of MBUSA's concealment and/or failure to disclose, MBUSA

violated California Civil Code §§ 1770 because:

(a)   MBUSA represented that the Class Vehicle had characteristics, uses, or benefits which it did not have

(b)   MBUSA advertised the Class Vehicle with the intent not to sell the vehicle as advertised

(c)   MBUSA represented that the Class Vehicle was of a particular standard, quality, or grade when it was not; and

(d)   MBUSA represented that thew Class Vehicle had been supplied in accordance with a previous representation when it was not.

102) MBUSA's unfair and deceptive acts and practices occurred regularly in MBUSA's trade and business, were capable of deceiving Plaintiff and the general public, and imposed a direct safety risk to the public.

103) MBUSA knew that the Class Vehicle suffered from the Class Defect and was therefore not suitable for its intended use. Yet, it sold and leased the Class Vehicle to Plaintiff and the Class anyway despite the risk of death or serious bodily injury.

104) MBUSA should have disclosed to Plaintiff and the Class the true condition of the Class Vehicle.

105) MBUSA had an obligation to disclose this information to Plaintiff and the Class because MBUSA was in a superior position to know the true state of facts about the Class Vehicle; because MBUSA had made material representations regarding the condition, utility, and value of the Class Vehicle; and because Plaintiff and the Class could not have previously known about the true condition of the Class Vehicle.

106) As a result of Plaintiff and Class Members' reliance on MBUSA's omissions and misrepresentations as alleged herein, Plaintiff and the Class have suffered an ascertainable loss of money, property, and/or value.

107) A reasonable consumer would have considered the facts MBUSA concealed or to be material. Had Plaintiff and the Class known of the defective nature of the Class

Vehicle, they would not have purchased or leased the Class Vehicle or would have paid less for it

108) Plaintiff and the Class are reasonable consumers who expect their vehicle to not suddenly shift into neutral and deaccelerate without warning.

109) As a direct and proximate result of MBUSA's conduct, Plaintiff and the Class have suffered damages in an amount no less than the jurisdictional minimum.

110) Plaintiff and the Class are further entitled to equitable relief.

111) On December 20, 2021, Plaintiff provided MBUSA with notice of its violations of the Consumer Legal Remedies Act, pursuant to California Civil Code § 1782(a). MBUSA failed to provide the appropriate relief for its violations of the Consumer Legal Remedies Act within thirty (30) days of the date of the notification letter.

112) Thirty (30) days has lapsed since Plaintiff provided MBUSA with notice of its violations of the Consumer Legal Remedies Act, and MBUSA has not provided Plaintiff a proper remedy

113) Pursuant to California Civil Code § 1782(a), Plaintiff  and the Class seek actual, statutory, and punitive damages in addition to equitable relief. Plaintiff seeks to obtain an injunction against MBUSA which enjoins MBUSA from continuing to make false and misleading statements to consumers regarding the sale of motor vehicles.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

### (Against MBUSA and Doe Defendants)

114) Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

115) California Business and Professions Code § 17500 sets forth that "[i]t is unlawful for any…corporation…with intent directly or indirectly to dispose of real or

personal property…to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated…in any newspaper or other publication, or any advertising device…including over the Internet, any statement…which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

116) As set forth herein, MBUSA caused to be made or disseminated through California and the United States, through advertising, marketing, and internet, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to MBUSA to be untrue and misleading to consumers, including Plaintiff.

117) These untrue statements are actionable violations of § 17500 in that MBUSA expressly stated that the Class Vehicle has attributes which it does not possess.

118) MBUSA's advertising misrepresentations and omissions as alleged herein were made in connection with the sale of the Class Vehicle, and such misrepresentations and omissions are unfair, deceptive, and/or misleading within the meaning of § 17500. These representations are likely to, and did, deceive reasonable consumers such as Plaintiff and the Class.

119) As set forth herein, MBUSA knew or should have known that its statements were misleading or likely to mislead a reasonable consumer.

120) In purchasing or leasing the Class Vehicle, Plaintiff and the Class each individually relied on the misrepresentations and/or omissions of MBUSA with respect to the safety, performance, and reliability of the Class Vehicle. MBUSA's representations turned out not to be true because the Class Vehicle contains the Class Defect. Had Plaintiff and the Class known of the Class Defect, as well as its attendant risk of death or serious injury, they would not have purchased or leased the Class Vehicle or would not have paid as much to do so.

121) As a direct and proximate result of MBUSA's false advertising, Plaintiff and the Class have suffered injury in fact and a loss of money or property in an amount

no less than the jurisdictional minimum.

122) Pursuant to Business and Professions Code § 17535, Plaintiff and the Class are also entitled to an order enjoining MBUSA from continuing to make false and misleading statements concerning its vehicles; restitution and disgorgement; attorneys' fees; and other relief that this Court feels just and proper.

## FIFTH CAUSE OF ACTION

### UNJUST ENRICHMENT

### (Against MBUSA and Doe Defendants)

123) Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

124) MBUSA has benefitted from leasing and selling the Class Vehicle at an unjust profit because the Class Vehicle's value was artificially inflated by MBUSA's fraudulent concealment as alleged herein.

125) MBUSA has received and retained unjust benefits from Plaintiff and the Class, and it would therefore be inequitable and unconscionable for MBUSA to retain these benefits.

126) Because of MBUSA's fraudulent concealment as alleged herein, neither Plaintiff nor the Class were aware of the true facts concerning the Class Vehicle and have in no way benefitted from MBUSA's misconduct.

127) As a direct and proximate result of MBUSA's misconduct, MBUSA has been unjustly enriched, and Plaintiff and the Class have suffered damages and other expenses proximately caused by such unjust enrichment in an amount no less than the jurisdictional minimum.

### JURY DEMAND

128) Plaintiff and the Class hereby demand a trial by jury on all issues of fact.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for judgment against Defendants as

-21-

1   follows:

2   <u>First Cause of Action</u>

3     1.  For actual damages in an amount no less than the jurisdictional minimum

4     2.  For incidental and consequential damages

5     3.  For rescission damages

6     4.  For punitive damages

7     5.  For attorneys' fees and costs

8     6.  Pre-judgment interest; and

9     7.  For other relief that this Court deems just and proper.

10   <u>Second Cause of Action</u>

11     1.  Restitution of all wrongfully withheld money pursuant to Business and
12         Professions Code section 17203, inclusive of recission damages and incidental
13         and consequential damages

14     2.  Attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5

15     3.  Pre-judgment interest; and

16     4.  For other relief that this Court deems just and proper.

17   <u>Third Cause of Action</u>

18     1.  For actual damages in an amount no less than the jurisdictional minimum

19     2.  For incidental and consequential damages

20     3.  For rescission damages

21     4.  For attorneys' fees and costs

22     5.  Pre-judgment interest; and

23     6.  For other relief that this Court deems just and proper.

24   <u>Forth Cause of Action</u>

25     1.   For actual damages in an amount no less than the jurisdictional minimum

26     2.  For incidental and consequential damages

27     3.  For rescission damages

28     4.  For attorneys' fees and costs

5. Pre-judgment interest; and

6. For other relief that this Court deems just and proper.

Fifth Cause of Action

1. For actual damages in an amount no less than the jurisdictional minimum

2. For incidental and consequential damages

3. For rescission damages

4. For attorneys' fees and costs

5. Pre-judgment interest; and

6. For other relief that this Court deems just and proper.

As to All Causes of Action

1. An order certifying the proposed Class and Sub-Classes, notifying the Class and Sub-Classes of this litigation and their right to recover money, or order designating Corona as named representative of the Class, and an order designating the Corona's Counsel as Class Counsel

Date: May 3, 2022                    **FRONTIER LAW CENTER**
                                     **LAW OFFICE OF ROBERT L. STARR**


                                      /s/ Manny Starr
                                     _____
                                     Manny Starr
                                     Robert L. Starr
                                     Attorneys for Plaintiff
                                     Keisha Corona